## Bell Estate

*Julian W. Barnard* and *James N. Peck*, for accountant.

*High, Swartz, Flynn & Roberts*, for claimant-legatee.

*Smillie, Bean & Scirica*, for residuary legatee.

VAN RODEN, P. J., (thirty-second judicial district, specially presiding), February 16, 1953. — Decedent died August 23, 1951, survived by neither spouse nor issue. Her net distributive estate, as shown by the account presently before the court, is less than $5,000 (the gross estate being $7,555.73).

By her will, dated August 6, 1948, since duly admitted to probate, decedent bequeathed a diamond

ring and the sum of $10,000 unto Frank V. Rinehart; also bequeathed her household furniture and furnishings and personal effects unto Helen J. Rinehart, wife of Frank V. Rinehart; bequeathed legacies of $10,000 each unto the Protestant Episcopal Church of the Resurrection, of Philadelphia, and the Calvary Protestant Episcopal Church, of Conshohocken; also bequeathed a legacy of $3,000 to Stella Bell "provided she is still living with me and attending to my needs at the time of my death"; and devised and bequeathed the residue of her estate unto Frank V. Rinehart, absolutely.

Subsequently, by deed of trust dated October 7, 1948, decedent transferred substantially her entire estate (the assets so transferred having a then stated value of $48,495.37) unto the North Philadelphia Trust Company (being the executor named in her will), in trust for the payment of net income unto decedent during her lifetime and upon her death to make payment of her just debts and funeral expenses, and then to deliver and pay over unto Frank V. Rinehart the diamond ring and the sum of $10,000; to deliver her household furniture, furnishings and personal effects unto Helen J. Rinehart, wife of Frank V. Rinehart; to pay the sum of $10,000 unto the Protestant Episcopal Church of the Resurrection, of Philadelphia, and the sum of $10,000 unto the Calvary Protestant Episcopal Church of Conshohocken; with residue to be turned over unto Frank V. Rinehart, absolutely.

In the agreement of trust settlor retained the power to revoke or amend at any time any of the provisions thereof. Subsequently, by writing dated October 18, 1948, settlor notified the trustee that between the time of preparation of the deed of trust and the execution thereof she had given to Helen J. Rinehart all of her household furniture and furnishings and personal

effects (with the exception of the diamond ring which belonged to her husband) and therefore revoked the paragraph of the deed of trust relating thereto.

Thereafter, by writing dated February 4, 1949, settlor notified the trustee that she desired to give unto Helen J. Rinehart the diamond ring, and therefore revoked that portion of the deed of trust providing that the diamond ring was to go to Frank V. Rinehart.

Subsequently, by writing dated August 23, 1950, settlor notified the trustee that she revoked that portion of the deed of trust providing for the payment of the sum of $10,000 unto the Protestant Episcopal Church of the Resurrection, of Philadelphia, and further amended the trust instrument by increasing the gift to Calvary Protestant Episcopal Church, of Conshohocken, to $20,000.

At the time of audit, an appearance was entered for the Protestant Episcopal Church of the Resurrection, of Philadelphia, claiming to be entitled to the bequest of $10,000 specified in item fourth of decedent's will. This claim was opposed by the accountant and by the residuary legatee, who contend that the legacy in question was revoked by the deed of trust. Accordingly, it is necessary for the court to consider the effect upon decedent's will of the execution by decedent of the deed of trust and the amendment thereto.

Section 5 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.5, provides that a will may be revoked or altered by "some other will or codicil in writing" or by "some other writing declaring the same, executed and proved in the manner required of wills". Thus, in order that a will may be (a) some other writing; (b) it must declare the earlier will revoked, and (c) the writing must be executed and proved in the manner required of a will: Gray Will, 365 Pa. 411, 416 (1950).

In the instant case, the deed of trust clearly meets the statutory requirement of "other writing", and has also been executed and proved in the manner required of wills. The real question, therefore, is whether the deed of trust contains a declaration of revocation of the earlier will.

It is readily apparent that no such declaration of revocation was expressly set forth in the deed of trust. However, in Gray Will, supra, it was stated that "the declaration of revocation need not be express, it may, under the authorities, be by necessary implication. An earlier will can be revoked by a later will or other writing which expressly revokes it, or which disposes of an estate in an entirely different manner than the earlier will and is inconsistent therewith. There is no difference in principle between a revocation by an express clause or by inconsistent provisions".

It is inconceivable that decedent intended to duplicate in the deed of trust the provisions relating to the specific bequests and legacies mentioned in her will without intending to revoke such legacies and bequests. First of all, her estate was insufficient in size, both at the time of the execution of the will and deed of trust and also at the time of her death, to warrant any assumption that she intended by the deed of trust to double the gifts set forth in the will. Secondly, by providing in the deed of trust for the payment of funeral expenses and debts, it seems clear that decedent realized that the transfer of substantially all of her assets to the trustee would practically exhaust her estate, with the possibility that at the time of her death her separate estate might even be insufficient to pay such debts and funeral expenses. Thirdly, by making specific disposition in the deed of trust of the diamond ring, furniture and furnishings, and personal effects, which she had previously disposed of by will, decedent clearly indicated that she intended gifts out

of the remainder of the trust fund to be substitutionary rather than cumulative with respect to the dispositive provisions of the will relating to the same specific items of personal property.

Thus, with respect to the specific articles of personal property, it seems clear beyond question that decedent intended the gifts in the deed of trust to be substitutionary rather than cumulative, and there is no indication that she intended the pecuniary legacies to be duplicated. The doubling of such pecuniary legacies would involve an amount greater than her gross estate and would leave nothing for distribution unto the residuary legatee who appears to have been a primary object of decedent's bounty.

It is not without significance that decedent was apparently conscious at all times of the nature and extent of her worldly possessions since she made practically the same disposition of her estate in both the will and the deed of trust. Furthermore, when she delivered the specific items of personal property to the legatees in her lifetime, she took care to notify the trustee in writing, so that there would be no possibility of duplication in connection with such gifts.

Similarly, when she amended the deed of trust so as to eliminate the gift of $10,000 to the Protestant Episcopal Church of the Resurrection, she increased her gift to the Calvary Protestant Episcopal Church by an identical amount, demonstrating her desire and intention that the latter church should receive a total of $20,000 upon her death and that the former church should receive nothing.

In the normal situation, where revocation is based upon a subsequent will or other written instrument, such revocation results from the fact that the provisions of the latter instrument are inconsistent with the provisions of the earlier instrument. In the instant case, the inconsistency results not from a different

testamentary disposition, as in the usual case, but rather from an inter vivos distribution which precludes the proposed testamentary disposition by completing the gift in the lifetime of the donor, thereby resulting in an ademption. See Dahringer's Estate, 36 Del. Co. 282 (1948).

In only two material respects does the deed of trust fail to duplicate the will. The first is with respect to the legacy of $3,000 which decedent bequeathed to Stella Bell "provided she is still living with me and attending to my needs at the time of my death". It will be recalled that the will was dated August 6, 1948. Stella Bell died on August 30, 1948, which event caused the gift to her to lapse. Consequently, when decedent executed the deed of trust on October 7, 1948, there was no need to make any mention of Stella Bell.

The other respect in which the deed of trust does not revoke the will relates to the residuary clause. Although the residue of the remainder of the trust fund was given to Frank V. Rinehart, it is obvious that such provision relates only to the residue of assets transferred by decedent to the trustee in her lifetime and cannot relate to assets owned by her individually and outright at the time of her death. To hold that the residuary clause of decedent's will was revoked by the deed of trust would create an intestacy with respect to her individual estate. It seems clear that decedent did not desire to die intestate nor to have any part of her estate pass unto her heirs at law, but rather intended Frank V. Rinehart to have her entire residuary estate, both as to the trust assets and individual assets.

Accordingly, the court holds that the specific legacies and bequests set forth in decedent's will were revoked by necessary implication by the execution of the deed of trust, and that the gift to the Protestant Episcopal Church of the Resurrection was expressly revoked by

the amendment to the deed of trust dated August 23, 1950.

Accordingly, the claim of the Protestant Episcopal Church of the Resurrection is hereby disallowed and dismissed.

With respect to the residuary clause set forth in decedent's will, the court holds that this was not revoked by the deed of trust or otherwise and therefore remains in full force and virtue. This will be reflected in the award.